**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21233

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Tracey Babst, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| ATG Credit, LLC and LVNV Funding, LLC, | |
| Defendants. | |

Plaintiff Tracey Babst, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants ATG Credit, LLC and LVNV Funding, LLC as follows:

### INTRODUCTION

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3.     This court has jurisdiction over defendants ATG Credit, LLC and LVNV Funding, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

5.     Plaintiff Tracey Babst ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.     Defendant ATG Credit, LLC ("ATG") is a company existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

8.     ATG has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.     ATG regularly collects or attempts to collect debts asserted to be owed to others.

10.    ATG is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of ATG's business is the collection of such debts.

12.    ATG uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.    ATG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

15.    LVNV has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. LVNV regularly collects or attempts to collect debts asserted to be owed to others.

17. LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of LVNV's business is the collection of such debts.

19. LVNV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendants allege Plaintiff owes $1,288.05 to LVNV ("the alleged Debt").

23. Plaintiff did not owe $1,288.05 ("the Claimed Amount") to LVNV.

24. Plaintiff did not owe money to LVNV.

25. Plaintiff was never indebted to LVNV.

26. Plaintiff did not owe the alleged Debt to LVNV.

27. LVNV never offered to extend credit to Plaintiff.

28. LVNV never extended credit to Plaintiff.

29. Plaintiff was never involved in any transaction with LVNV.

30. Plaintiff never entered into any contract with LVNV.

31. Plaintiff never did any business with LVNV.

32. Plaintiff was never advised by anyone that the alleged Debt was sold to LVNV.

33. Plaintiff was never advised by anyone that the alleged Debt was assigned to LVNV.

34.     Plaintiff was never advised by anyone that the alleged Debt was transferred LVNV.

35.     Plaintiff was never advised by anyone that the alleged Debt was acquired by LVNV.

36.     LVNV Funding, LLC is a stranger to Plaintiff.

37.     The alleged Debt does not arise from any business enterprise of Plaintiff.

38.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39.     At an exact time known only to Defendants, LVNV decided to hire ATG to attempt to collect the alleged Debt on LVNV's behalf.

40.     As part of its utilization of ATG, LVNV conveyed information regarding the alleged debt to ATG.

41.     The information conveyed by LVNV to ATG included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

42.     LVNV's conveyance of the information regarding the alleged Debt to ATG is a "communication" as that term is defined by 15 U.S.C. 1692a(2).

43.     In their efforts to collect the alleged Debt, ATG decided to contact Plaintiff by written correspondence.

44.     Rather than preparing and mailing such written correspondence to Plaintiff on their own, ATG decided to utilize a third-party vendor to perform such activities on their behalf.

45.     As part of their utilization of the third-party vendor, ATG conveyed information regarding the alleged Debts to the third-party vendors by electronic means.

46. The information conveyed by ATG to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

47. ATG's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at ATG's direction.

49. That correspondence, dated October 13, 2020, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

50. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

51. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

**FIRST COUNT**
**As to LVNV**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

54. ATG does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

55. Plaintiff never consented to LVNV's communication with ATG concerning the alleged Debt.

56. Plaintiff never consented to LVNV's communication with ATG concerning Plaintiff's personal and/or confidential information.

57. Plaintiff never consented to LVNV's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

58. Upon information and belief, LVNV has utilized ATG for these purposes thousands of times.

59. LVNV utilizes ATG in this regard for the sole purpose of maximizing its profits.

60. LVNV utilizes ATG without regard to the propriety and privacy of the information which it discloses to such third-party.

61. LVNV utilizes ATG with reckless disregard for the harm to Plaintiff and other consumers that could result from LVNV's unauthorized disclosure of such private and sensitive information.

62. LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to ATG.

63. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

64. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

65. LVNV disclosed Plaintiff's private and sensitive information to ATG.

66. LVNV violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to ATG.

67.     For the foregoing reasons, LVNV violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**As to ATG**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

68.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

69.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

70.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

71.     Plaintiff never consented to ATG's communication with the third-party vendor concerning the alleged Debt.

72.     Plaintiff never consented to ATG's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

73.     Plaintiff never consented to ATG's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

74.     Upon information and belief, ATG has utilized a third-party vendor for these purposes thousands of times.

75.     ATG utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

76.     ATG utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

77.     ATG utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from ATG's unauthorized disclosure of such private and sensitive information.

78.     ATG violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

79.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

80.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

81.     ATG disclosed Plaintiff's private and sensitive information to the third-party vendor.

82.     ATG violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

83.     For the foregoing reasons, ATG violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### THIRD COURT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

84.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

86.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a

statement of the amount of the debt.

87.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

88.     A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

89.     As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe the Claimed Amount.

90.     As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

91.     In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

92.     As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

93.     To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

94.     A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

95.     As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe money to LVNV.

96.     As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

97.     In sum, Defendants' statement that LVNV was the name of the creditor to whom

the alleged debt was owed, when Plaintiff did not owe any money to LVNV, violates 15 U.S.C. § 1692g(a)(2).

98. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

**FOURTH COUNT**
**As to Both Defendants**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

101. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

102. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

104. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

105. As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe the Claimed Amount.

106. As set forth in paragraphs 22 through 36 of this Complaint, Plaintiff did not owe money to LVNV Funding, LLC.

107.     As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

108.     Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

109.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

110.     Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

111.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

112.     Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

114.     Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

115.     Plaintiff seeks to certify a class of:

> i.     All consumers where SPV sent information concerning the consumer's debt CPS without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year

prior to the filing of this action to the present.

    ii.    All consumers where CPS sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

116.    This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

117.    The Class consists of more than thirty-five persons.

118.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

119.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

120.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under

BRL BARSHAY RIZZO & LOPEZ ATTORNEYS

consumer protection laws.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: June 18, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  *s/ David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21233
*Attorneys for Plaintiff*